UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| MARK A. JAMES, | ) | CASE NO. 3:18CV2917 |
| | ) | |
| Petitioner, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | |
| | ) | |
| WARDEN LYNEAL WAINWRIGHT, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| | ) | |
| Respondent. | ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter is before the Court on the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 filed by *pro se* Petitioner Mark A. James ("James" or "Petitioner") (ECF DKT #1 ("Petition")). James was convicted of multiple drug-related offenses in the Seneca County Court of Common Pleas. His conviction was affirmed on direct appeal and the Ohio Supreme Court declined jurisdiction. *State v. James*, 74 N.E.3d 769 (Ohio Ct. App. 2016); *State v. James*, 72 N.E.3d 655 (Ohio 2017). In the Petition, James claims that his appellate counsel was ineffective in violation of his rights under the Sixth Amendment of the United States Constitution. Petitioner contends that appellate counsel refused to raise certain issues on appeal and he did not receive notice of the appellate court's denial of his direct appeal until November 17, 2017. (*See* Petition at 12).

A federal district court may entertain a habeas petition filed by a person in state custody only on the ground that he is in custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a). In addition, "[s]tate prisoners must exhaust their state

remedies prior to raising claims in federal habeas corpus proceedings." *Manning v. Alexander*, 912 F.2d 878, 880-81 (6th Cir. 1990) (citing 28 U.S.C. § 2254(b), (c); *Rose v. Lundy,* 455 U.S. 509 (1982)).

According to the Petition, a motion to reopen/reinstate James' appellate rights in connection with his claim for ineffective assistance of appellate counsel remains pending. (Petition at 4-5). Thus, without regard to the potential merits of his grounds for relief, James' petition is premature because he has not yet exhausted his state court remedies.

Accordingly, this action is dismissed without prejudice pursuant to Rule 4 of the Rules Governing Section 2254 Cases. Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. Fed. R. App. P. 22(b); 28 U.S.C. § 2253.

**IT IS SO ORDERED.**

s/ Christopher A. Boyko
**CHRISTOPHER A. BOYKO**
**United States District Judge**

**Dated: December 28, 2018**